**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Larry Cobb RICHARDSON, Defendant–Appellant.**

**No. 88–5017.**

United States Court of Appeals, Fourth Circuit.

Argued July 13, 1988.

Decided Sept. 12, 1988.

---

J. David James (Michael K. Curtis, Smith, Patterson, Follin, Curtis, James & Harkavy, Greensboro, N.C., on brief), for defendant-appellant.

Robert H. Edmunds, Jr., U.S. Atty., Greensboro, N.C., on brief) for plaintiff-appellee.

Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.

WILKINS, Circuit Judge:

Larry Cobb Richardson appeals following the entry of a conditional guilty plea to receiving video cassettes involving the sexual exploitation of minors in violation of 18 U.S.C.A. § 2252(a)(2) (West 1984 & Supp. 1988). We affirm.

## I.

Richardson was contacted by a representative of the United States Postal Service posing as a pornography distributor in a sting operation after Richardson's name was found on the mailing list of a large-scale distributor of child pornography. In response to the initial inquiry, Richardson indicated an interest in child-related material. Thereafter, Richardson requested catalogs and ultimately purchased three videotapes, all of which contained sexually explicit conduct involving minors.

On the same day that Richardson received the videotapes in the mail, a search warrant was executed at his residence. In addition to the three videotapes, authorities seized various other items from his residence, including a quantity of pornographic material involving children. Richardson moved to suppress all of the items seized under the warrant. The district court granted this motion in part, suppressing all of the material taken from Richardson's home with the exception of the three videotapes mailed in the sting operation.

Richardson also moved to dismiss the indictment on the ground that he was being selectively prosecuted because of his exercise of a first amendment right. He contended that unlike four other defendants indicted with him on the same day for the same offense, he was not offered the opportunity to participate in a pretrial diversion program operated by the office of the United States Attorney. He asserted that the basis for the decision of the United States Attorney not to offer him the option of participating in the program was because of the child pornography found in his home, which he claimed was protected by the first amendment.

In addition to arguing that decisions on pretrial diversion should not be subject to judicial review, the government pointed to several factors which led to the decision not to offer Richardson pretrial diversion. First, Richardson responded to yet another advertisement featuring child pornography after his home had been searched and he had been arrested; second, the volume of child pornography uncovered in the home was relevant to the decision not to divert since child pornography is not constitutionally protected; and third, during the search of Richardson's home he stated to one of the investigators that he knew receiving the material was illegal but that he nevertheless intended to continue this activity.

The district court denied Richardson's motion to dismiss, finding that the government's proffered reasons for not offering

him the pretrial diversion program demonstrated that selective prosecution had not occurred. The court concluded that a hearing on this issue was unwarranted and unnecessary. Richardson subsequently entered a conditional guilty plea pursuant to Federal Rule of Criminal Procedure 11, preserving the selective prosecution issue.

## II.

Pretrial diversion is an alternative to prosecution which allows diversion of selected offenders from the traditional criminal justice process. United States Attorneys are authorized to use the diversion alternative in their districts under Department of Justice guidelines. Participation occurs only after a defendant has accepted an offer of the United States Attorney and after an agreement has been reached detailing the conditions which the defendant must meet. A participant who successfully completes the program is not prosecuted for the offense, any indictment or information against him is discharged, and the permanent criminal record of the offense is expunged.

■ A defendant has no right to be placed in pretrial diversion. *United States v. Hicks*, 693 F.2d 32, 34 (5th Cir.1982), *cert. denied*, 459 U.S. 1220, 103 S.Ct. 1226, 75 L.Ed.2d 461 (1983). The decision of whether a particular defendant will be allowed the opportunity to participate in the program is one entrusted to the United States Attorney. Like other prosecutorial decisions, the government has broad discretion in determining which defendants are best suited for pretrial diversion. *See Wayte v. United States*, 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). These decisions are "particularly ill-suited to judicial review" and we are "properly hesitant to examine the decision whether to prosecute." *Id.* at 607–08, 105 S.Ct. at 1530–31. However, prosecutorial discretion is not totally unfettered. *Id.* The government may not selectively prosecute a defendant based upon arbitrary classifications such as race or religion, or the exercise of constitutional rights.

## III.

■ The government's position that any judicial review of pretrial diversion decisions is violative of the separation of powers doctrine is unsupported. Its primary authority for this proposition, *United States v. Nathan*, 816 F.2d 230 (6th Cir. 1987), involved a district which did not operate any type of diversion program. Although there is no requirement that a pretrial diversion program be created and operated in any district, if one is created it cannot be managed in an unconstitutional or discriminatory manner.

■ In order to establish selective prosecution a defendant must show that the government was motivated by a discriminatory purpose with a resulting discriminatory effect. *United States v. Greenwood*, 796 F.2d 49, 52 (4th Cir.1986). The defendant must establish not only that he has been singled out while others similarly situated have not been prosecuted but also that the decision to prosecute was based on impermissible considerations. A defendant challenging the government's pretrial diversion decision must set forth specific facts supporting his selective prosecution contention and may not rest on bald assertions of constitutional violations. In determining whether a hearing is necessary, the district court should consider the defendant's claim, and if on its face it is nonfrivolous and supported by specific factual allegations, allow the government to respond by offering an explanation for its decision. A hearing is not a matter of right and is not available to every defendant who complains about not being offered participation in a pretrial diversion program. It is a matter left to the discretion of the district court.

## IV.

■ Richardson contends that he has raised an issue sufficient to require a hearing because the government concedes that one of the reasons he was denied placement in pretrial diversion was the quantity of child pornography found in his home, material which Richardson claims is consti-

tutionally protected under *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed. 542 (1969). In *Stanley*, the Court found that the first amendment protected private possession of obscene adult material in the home. However, more recently in *New York v. Ferber*, the Court recognized that "classifying child pornography as a category of material outside the protection of the First Amendment [was] not incompatible with [its] earlier decisions." 458 U.S. 747, 763, 102 S.Ct. 3348, 3349–50, 73 L.Ed.2d 1113 (1982). We need not discuss this issue further because of other reasons the government presented to the district court which were more than sufficient to justify the decision not to offer pretrial diversion to Richardson.

The district court's conclusion that Richardson was not entitled to a formal hearing was well within the broad parameters of its discretionary powers.

AFFIRMED.