ZACHARY R. CLAYTON, APPELLANT,
v. GARY E. LACEY, APPELLEE.

589 N.W. 2d 529

Filed February 26, 1999.    No. S-97-893.

Dennis R. Keefe, Lancaster County Public Defender, and Kristi J. Egger Brown for appellant.

Michael E. Thew, Deputy Lancaster County Attorney, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Appellant, Zachary R. Clayton, was arrested and charged with burglary. Clayton sought to avoid prosecution by participating in the Lancaster County pretrial diversion program, but was denied admission by the Lancaster County Attorney's office. Clayton then filed a petition in error in the Lancaster County District Court seeking judicial review of that decision.

Appellee, Gary E. Lacey, Lancaster County Attorney, demurred on the grounds that the trial court did not have jurisdiction over the subject matter of the action and that the petition in error did not allege facts sufficient to state a cause of action. The trial court sustained Lacey's demurrer on both grounds. On our own motion, we removed the matter to this court under our authority to regulate the caseloads of this court and the Nebraska Court of Appeals. We affirm.

## BACKGROUND

Clayton was arrested and charged with the felony offense of burglary pursuant to Neb. Rev. Stat. § 28-507 (Reissue 1995). Clayton sought to avoid prosecution by participating in the diversion program. The burglary charge was dismissed at Clayton's costs to allow him to participate in the diversion program. Clayton was denied admission to the diversion program by the county attorney's office. No reason was provided in the letter Clayton received from the county attorney's office. Clayton was again charged with the same burglary offense which had previously been dismissed. Pursuant to the pretrial diversion eligibility criteria and program conditions, Clayton served written notice of his desire to appeal the denial of his request to participate in the pretrial diversion program. Prior to the administrative review hearing, Clayton's counsel was notified by the county attorney's office that part of the reason Clayton had been rejected from the diversion program was due to the fact that firearms were taken in the burglary.

An evidentiary hearing was conducted by hearing officer James Cada, and Cada subsequently issued a written decision, concluding that Lacey acted in an arbitrary and capricious manner in denying Clayton pretrial diversion, but further found that "there should be an exception where there are weapons [involved]."

Following Cada's written decision, Lacey served written notice upon Clayton's attorney that he was still refusing to allow Clayton into the pretrial diversion program. Lacey's letter specifically stated that "[t]his case dealt with stolen guns. [Clayton] was requested to provide information for the police to gain possession of those guns. He refused to cooperate in any

way with that reasonable request and as such will not be given the benefit of the program."

Clayton filed a petition in error in the district court pursuant to Neb. Rev. Stat. § 25-1901 (Reissue 1995), seeking judicial review of Lacey's decision. Lacey demurred on the grounds that the trial court did not have jurisdiction over the subject matter of the action and that the petition in error did not allege facts sufficient to state a cause of action. The trial court sustained Lacey's demurrer on both grounds and dismissed Clayton's action, ruling that Lacey's decision to deny Clayton's request to participate in the diversion program was not "a judgment rendered or final order made by any tribunal, Board or Officer exercising judicial functions" as required by § 25-1901 and was not, therefore, an appropriate matter to be raised by petition-in-error proceedings.

## ASSIGNMENT OF ERROR

Clayton assigns that the trial court erred as a matter of law in ruling that Lacey's decision to deny Clayton's request to participate in the diversion program did not involve the exercise of a "judicial function" as required by § 25-1901 and was not, therefore, an appropriate matter to be raised by petition-in-error proceedings.

## STANDARD OF REVIEW

When a jurisdictional question does not involve a factual dispute, determination of the issue is a matter of law which requires an appellate court to reach a conclusion independent from that of the inferior court. *Jones v. State*, 248 Neb. 158, 532 N.W.2d 636 (1995).

## BACKGROUND OF LANCASTER COUNTY PRETRIAL DIVERSION PROGRAM

Lacey, in his official capacity as Lancaster County Attorney, has established a pretrial diversion program pursuant to Neb. Rev. Stat. §§ 29-3601 to 29-3603 (Reissue 1995). In addition, Lacey has established formal eligibility guidelines which have been reduced to writing as required by § 29-3603(1). Burglary is an eligible felony offense under the guidelines. The guidelines specifically state that the county attorney reserves the right

to reject any applicant to the program whose offense is deemed too serious for the program.

Section 29-3603(7) requires that defendants who are denied enrollment in a diversion program be afforded an administrative review of the decision and written reasons for denial. Lancaster County's diversion program guidelines specifically state that anyone denied admission to the program will be notified in writing by either the county attorney, city attorney, or diversion services of the decision and the reasons for denial. The guidelines further provide that if the defendant wants an administrative hearing, he or she must file written notice with the county attorney and diversion services. Administrative reviews are heard by local attorneys in private practice who have been appointed as hearing officers by the Lincoln Bar Association and have volunteered their services. The decision of the hearing officer is advisory and is not binding on the county attorney. The purpose of the hearing is limited to determining whether the county attorney's decision was arbitrary and capricious.

## ANALYSIS

We begin our analysis by noting that Clayton was not notified in writing by the county attorney, city attorney, or diversion services of the reasons for his initial denial of admission into the pretrial diversion program as required by § 29-3603(7) and the guidelines. While we recognize that there was an error made in not notifying Clayton in writing of the reasons for his denial, and we do not condone such errors, the fact that written reasons were not given does not affect our analysis or the outcome in this case.

Clayton brought this case as a petition in error. Pursuant to § 25-1901, a district court has jurisdiction over a petition-in-error proceeding only when it is reviewing "[a] judgment rendered or final order made by any tribunal, board or officer exercising judicial functions and inferior in jurisdiction to the district court . . . ." Clayton's claim arises from Lacey's decision to deny Clayton admission into the diversion program. We conclude that a pretrial diversion decision made by the county attorney is not a decision made by a tribunal, board, or officer exercising judicial functions, rather, it is an exercise of prose-

cutorial discretion. It is not the exercise of either a judicial or a quasi-judicial function.

While a petition in error is not the proper method for challenging the prosecutor's failure to accept the defendant into a diversion program, prosecutorial discretion, while not subject to review by a petition in error, is subject to review when the decision involves the deliberate use of suspect classifications. See, *U.S. v. Richardson*, 856 F.2d 644 (4th Cir. 1988); *State v. Katzman*, 228 Neb. 851, 424 N.W.2d 852 (1988) (where pretrial motion to dismiss in criminal proceeding on basis of violation of equal protection because of selective prosecution was denied).

## CONCLUSION

Lacey's decision to deny Clayton admission to the diversion program is not a decision made by a tribunal, board, or officer exercising judicial functions, as required under § 25-1901 for a petition in error. Because it lacked subject matter jurisdiction, the trial court did not err in sustaining Lacey's demurrer and dismissing the action.

AFFIRMED.