Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/15/2020 08:09 AM CDT

State of Nebraska, appellee, v.
Vincent Valentino, appellant.
___ N.W.2d ___

Filed February 21, 2020.    No. S-19-270.

1. **Criminal Law: Courts: Appeal and Error.** In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.

2. **Courts: Appeal and Error.** Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.

3. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

4. **Appeal and Error.** An appellate court independently reviews questions of law in appeals from the county court.

5. **Criminal Law: Courts: Appeal and Error.** When deciding appeals from criminal convictions in county court, an appellate court applies the same standards of review that it applies to decide appeals from criminal convictions in district court.

6. **Motions to Dismiss: Prosecuting Attorneys: Discrimination: Evidence.** On a defendant's motion to dismiss based on discriminatory or selective prosecution, the State is entitled to have all its relevant evidence accepted or treated as true, every controverted fact as favorably resolved for the State, and every beneficial inference reasonably deducible from the evidence.

7. **Prosecuting Attorneys: Discrimination.** The State's decision to deny an arrestee admission into a pretrial diversion program is a decision to prosecute and may be attacked by a claim of selective prosecution.

8. **Constitutional Law: Prosecuting Attorneys: Discrimination.** The general rule regarding prosecutorial discretion in law enforcement is that

unless there is proof that a particular prosecution was motivated by an unjustifiable standard based, for example, on race, religion, nationality, sex, or political affiliation, the use of such discretion does not violate constitutional protections.

9. **Prosecuting Attorneys: Discrimination: Proof.** To establish a selective prosecution claim, a defendant must demonstrate that the prosecution had a discriminatory effect and that it was motivated by a discriminatory purpose.

10. **Constitutional Law: Prosecuting Attorneys: Discrimination: Proof.** A defendant claiming selective prosecution based on gender must establish (1) that similarly situated individuals of a different gender were not prosecuted and (2) that the decision to prosecute was invidious or in bad faith, based upon impermissible considerations or the desire to prevent the defendant's exercise of his or her constitutional rights.

11. **Prosecuting Attorneys: Discrimination: Dismissal and Nonsuit.** In a selective prosecution claim, the trial court has the remedy of dismissing the charge against the defendant if intentional and purposeful discriminatory enforcement is shown.

Appeal from the District Court for Lancaster County, Jodi L. Nelson, Judge, on appeal thereto from the County Court for Lancaster County, Laurie J. Yardley, Judge. Judgment of District Court affirmed.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

Vincent Valentino, pro se.

Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

NATURE OF CASE

Following an arrest for solicitation of prostitution under Neb. Rev. Stat. § 28-801.01 (Reissue 2016), Vincent Valentino unsuccessfully applied to participate in the Lancaster County pretrial diversion program. An administrative review hearing

was held, and the hearing officer concluded that because the offense was not listed as an eligible offense, no error had occurred. Valentino moved to suppress evidence and statements and served subpoenas duces tecum alleging that he had been selectively prosecuted based on his gender. Valentino claimed that the sting operation in which he was arrested was conducted pursuant to the National Johns Suppression Initiative (NJSI) and that it impermissibly targeted men for prosecution. The county court for Lancaster County quashed the subpoenas and denied his motions to suppress and to dismiss. The county court ultimately convicted Valentino of the offense. Valentino appealed to the Lancaster County District Court, which affirmed the judgment of the county court. Valentino appealed, claiming he was selectively prosecuted and excluded from the pretrial diversion program because of his gender. We affirm.

## STATEMENT OF FACTS

In 2015, the Lincoln Police Department (LPD) began participating in the NJSI in partnership with the Cook County, Illinois, Sheriff's Department. Press releases from the Cook County sheriff stated that the NJSI "highlight[s] the role of sex buyers — or 'johns' — as perpetrators in this violent and exploitive industry" and had resulted in the arrests of more than 5,800 people across 22 states. Following a sting operation, the LPD arrested six men, including Valentino, for soliciting prostitution; four women for prostitution; and several other individuals for other crimes.

The State charged Valentino with one count of solicitation of prostitution in violation of § 28-801.01, a Class I misdemeanor. Valentino applied to participate in a pretrial diversion program run by the Lancaster County Attorney's office. His application was denied, and Valentino sought administrative review.

*Administrative Review.*

An administrative review hearing was held regarding pretrial diversion on November 17, 2016. The two issues up for review

were: (1) whether the offense of solicitation of prostitution in violation of § 28-801.01 is an eligible offense under the "Lancaster County Adult Diversion Program Eligibility Criteria and Program Conditions" (the Diversion Guidelines) and, (2) if so, whether Valentino was otherwise eligible to participate in pretrial diversion. A local attorney was appointed as the hearing officer to review the county attorney's decision. The hearing officer issued an opinion in which he concluded that under the Diversion Guidelines, the crime of solicitation was not enumerated as eligible, ineligible, or eligible on a case-by-case basis for pretrial diversion, and that therefore, the decision to deny pretrial diversion was not arbitrary and capricious. The opinion concluded that Valentino's charge was ineligible and that it was unnecessary to address eligibility further.

*Motion to Suppress for Selective Prosecution*
*and Subpoenas Duces Tecum.*

Valentino served a subpoena duces tecum on a deputy county attorney and Ben Miller, a sergeant with the LPD. The subpoenas requested documents regarding Valentino's request for the pretrial diversion program. The State moved to quash the subpoenas for various reasons, including that the requests were unduly burdensome and required the witnesses to produce documents which were not relevant to Valentino's guilt or innocence and were not in its custody.

Valentino moved to suppress, alleging, inter alia, that he had been unconstitutionally and selectively prosecuted based upon his gender. In support of his claim, Valentino alleged that LPD's sting operation impermissibly targeted men for prosecution.

At a hearing on the State's motions to quash and Valentino's motion to suppress based on selective prosecution, the county court allowed Valentino to question both the deputy county attorney and Sergeant Miller but ultimately granted the motions to quash.

Sergeant Miller testified that the purpose of the NJSI is to "focus on people typically referred to as Johns, who are

looking to purchase women for sale for sexual purposes." He testified that he had never encountered a female soliciting a prostitute and that he had never arrested a woman for solicitation of prostitution. He testified that advertisements created by the LPD do not invite gender-specific responses and that the LPD cannot control the gender of who responds to its advertisements. Sergeant Miller testified that in addition to stings aimed at buyers, the LPD also conducts prostitution stings in which prostitutes, including women, are arrested and referred for prosecution.

The deputy county attorney testified that he was unaware whether a female had been prosecuted for solicitation but stated that "[i]f [the police] arrest a female for it, we'd prosecute the female." He stated that he was unaware of a case where a person was denied pretrial diversion based upon their gender.

The court found that based on the evidence, Valentino did not show he was selectively arrested and prosecuted. With regard to Valentino's claims that he was entitled to pretrial diversion, the court concluded that the offense of solicitation of prostitution was not an eligible offense for pretrial diversion under the Diversion Guidelines.

Valentino subsequently appealed the county court's decision denying his motion to suppress; however, his appeal was dismissed for lack of jurisdiction—first by the district court and then by the Nebraska Court of Appeals. Valentino then filed a petition for further review, which we denied on March 27, 2018, in case No. A-17-1305.

*County Court Trial.*

After a stipulated bench trial held on August 29, 2018, the county court found Valentino guilty. It ordered him to pay a fine of $500. Valentino appealed to the district court. Valentino filed a statement of errors, claiming, inter alia, that the county court erroneously denied his various claims and motions relating to gender-based discrimination, including those connected to pretrial diversion, evidence, and "[Valentino's]

motion to dismiss for selective investigation/prosecution based upon gender."

*District Court Appeal.*

On appeal to the district court, Valentino claimed that the Lancaster County Attorney and the LPD selectively arrested and prosecuted him based on his gender and that the Lancaster County Attorney did not let him participate in pretrial diversion due to his gender. Following a hearing, the district court found that law enforcement did not exercise its discretion in a discriminatory manner and affirmed the judgment of the county court. In reaching its conclusion, the district court reasoned that Valentino had not presented evidence that a similarly situated person was not prosecuted, nor had he presented evidence of clear and intentional discrimination. The district court assumed without deciding that the decision of the county attorney regarding pretrial diversion was reviewable and concluded that Valentino had not shown that the county attorney wrongly deprived him of an opportunity for administrative review or written reasons for denial of admission to the pretrial diversion program. The district court agreed with the hearing officer that the record showed that the application for pretrial diversion was denied because "solicitation, like prostitution, was not an eligible offense" and not because of Valentino's gender.

Valentino appeals.

## ASSIGNMENTS OF ERROR

Valentino claims, restated and consolidated, that the district court sitting as an appellate court erred when it failed to reverse various orders of the county court and affirmed his conviction. With respect to the pretrial diversion, Valentino claims that the county attorney improperly failed to give reasons for denying him participation in the pretrial diversion program and that the denial was motivated by selective prosecution. With respect to the trial in county court, Valentino claims that the county court erred when it denied his motion

to suppress, granted the State's motions to quash subpoenas, and rejected his claims that the prosecution was motivated by selective prosecution. The rejection of these claims form the basis of Valentino's appeal.

## STANDARDS OF REVIEW

[1-5] In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Thalken*, 299 Neb. 857, 911 N.W.2d 562 (2018); *State v. Avey*, 288 Neb. 233, 846 N.W.2d 662 (2014). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id.* When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* But we independently review questions of law in appeals from the county court. *Id.* When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in district court. *Id.*

[6] On a defendant's motion to dismiss based on discriminatory or selective prosecution, the State is entitled to have all its relevant evidence accepted or treated as true, every controverted fact as favorably resolved for the State, and every beneficial inference reasonably deducible from the evidence. See *State v. Katzman*, 228 Neb. 851, 424 N.W.2d 852 (1988).

## ANALYSIS

In this case, Valentino generally contends that he was selectively prosecuted for soliciting prostitution. In particular, he asserts that the decision by law enforcement to target and prosecute male buyers of sex was selective prosecution because it was an unlawful, deliberate discrimination based on a suspect class, namely the arrestee's gender. Valentino also

asserts that a policy of denying pretrial diversion to buyers was impermissible gender-based discrimination.

With respect to pretrial diversion, Valentino contends that the county attorney improperly failed to give reasons for denying him participation in the pretrial diversion program. We find no impropriety. We refer to *Clayton v. Lacey*, 256 Neb. 282, 589 N.W.2d 529 (1999), which primarily involved a question of appealability. Although in *Clayton* we disapproved of the county attorney's failure to give a reason for denying participation in pretrial diversion, we ultimately dismissed the challenge, because the defendant had pursued an unacceptable form of action. The crime for which the defendant in *Clayton* was prosecuted was specifically identified on the list of crimes eligible for pretrial diversion. In contrast, the crime of soliciting with which Valentino was charged was not listed as an eligible offense, and thus our disapproval of providing no reasons for denial in *Clayton* is not warranted in this case.

[7] The State's decision to deny an arrestee admission into a pretrial diversion program is a decision to prosecute and may be attacked by a claim of selective prosecution. We need not separately analyze Valentino's pretrial diversion selective prosecution contention, because it is encompassed by Valentino's claim that he was selectively brought to trial. See *Clayton v. Lacey, supra*. Thus, Valentino's claims of selective prosecution with regard to pretrial diversion and trial are but a single claim that he was selectively prosecuted based on his gender. As explained below, we conclude that Valentino did not proffer sufficient evidence of selective prosecution to entitle him to relief.

[8] It is important to underscore that the general rule regarding prosecutorial discretion in law enforcement is that unless there is proof that a particular prosecution was motivated by an unjustifiable standard based, for example, on race, religion, nationality, sex, or political affiliation, the use of such discretion does not violate constitutional protections. See, *State v.*

*Katzman, supra*; *Salaiscooper v. Dist. Ct.*, 117 Nev. 892, 34 P.3d 509 (2001).

[9-11] To establish a selective prosecution claim, it has been generally held that a defendant must demonstrate that the prosecution "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Wayte v. United States*, 470 U.S. 598, 608, 105 S. Ct. 1524, 84 L. Ed. 2d 547 (1985). As in the present case, this requires the defendant to establish (1) that similarly situated individuals of a different gender were not prosecuted and (2) that the decision to prosecute was "invidious or in bad faith," based upon impermissible considerations or the desire to prevent the defendant's exercise of his or her constitutional rights. *State v. Katzman*, 228 Neb. 851, 855, 424 N.W.2d 852, 856 (1988). See *United States v. Armstrong*, 517 U.S. 456, 116 S. Ct. 1480, 134 L. Ed. 2d 687 (1996). It has been observed that the trial court has the remedy of dismissing the charge against the defendant if such intentional and purposeful discriminatory enforcement is shown. *City of Minneapolis v. Buschette*, 307 Minn. 60, 240 N.W.2d 500 (1976).

With respect to obtaining discovery in support of a selective prosecution claim, a defendant must produce "some evidence" making a "credible showing" of both discriminatory effect and discriminatory intent. *United States v. Armstrong*, 517 U.S. at 470. Just as the standard for ultimately proving a selective prosecution claim is a rigorous one, so, too, is the evidentiary threshold for obtaining discovery from the State or government to support such a claim. *United States v. Armstrong, supra*. The U.S. Supreme Court has observed:

> Our cases delineating the necessary elements to prove a claim of selective prosecution have taken great pains to explain that the standard is a demanding one. These cases afford a "background presumption" . . . that the showing necessary to obtain discovery should itself be a significant barrier to the litigation of insubstantial claims.

*Id.*, 517 U.S. at 463-64 (citation omitted).

Turning to Valentino's arguments on appeal, his claims are predicated on the view that only men were prosecuted as buyers of sex and that such prosecution was driven by bad faith. However, the record does not support Valentino's view. Sergeant Miller testified that he had not arrested a woman for solicitation of prostitution, but that he had also never encountered a woman as a buyer. The deputy county attorney testified that the Lancaster County Attorney will "prosecute who shows up on our doorstep" and would prosecute women charged with soliciting a prostitute. It has been observed and we agree that "[t]he police do not intentionally discriminate against one gender by the absence of attempts to detect and apprehend offenders of the other gender, when no evidence is presented that offenders of the other gender are engaging in similar criminal behavior." *Branche v. Com.*, 25 Va. App. 480, 489, 489 S.E.2d 692, 696-97 (1997). Thus, Valentino did not show that similarly situated women were not prosecuted for solicitation as buyers or that the prosecutorial decision had a discriminatory effect. See, *United States v. Armstrong, supra*; *State v. Katzman, supra*.

To the extent that Valentino asserts that solicitation is gender specific and impermissible, a plain reading of the statute is to the contrary. *State v. Stanko*, 304 Neb. 675, 936 N.W.2d 353 (2019) (noting that in absence of anything indicating otherwise, statutory language is to be given its plain and ordinary meaning). Section 28-801.01 regarding solicitation provides as follows: "(1) Any person who solicits another person not *his or her* spouse to perform any act of sexual contact or sexual penetration, as those terms are defined in section 28-318, in exchange for money or other thing of value, commits solicitation of prostitution." (Emphasis supplied.)

Neb. Rev. Stat. § 28-801 (Reissue 2016) regarding prostitution provides in relevant part as follows:

> (1) Except as provided in subsection (5) of this section, any person who performs, offers, or agrees to perform any act of sexual contact or sexual penetration, as those

terms are defined in section 28-318, with any person not *his or her* spouse, in exchange for money or other thing of value, commits prostitution.

(Emphasis supplied.)

In Nebraska, solicitation and prostitution are separate gender-neutral offenses, meaning they can be committed by either men or women. In particular, as can be seen in the foregoing gender-neutral statutory language regarding solicitation and prostitution, the defendant is referred to as "any person" and "his or her." Compare *City of Minneapolis v. Buschette*, 307 Minn. 60, 240 N.W.2d 500 (1976) (referring in footnote to historical prostitution statutes which applied only to women).

With respect to bad faith, Valentino has not shown that the State acted with a discriminatory purpose with respect to the decision to prosecute. A court will not presume a discriminatory purpose. See *State v. Katzman*, 228 Neb. 851, 424 N.W.2d 852 (1988).

The record shows that Valentino's application for pretrial diversion was denied because the county attorney's office follows written eligibility Diversion Guidelines under which neither solicitation nor, incidentally, prostitution is identified as an eligible offense. Other courts have found, and we agree, that where a government distinguishes between buyers and sellers of sex and offers pretrial diversion to one group but not the other, the deterrence of crime is a valid, gender-neutral motivation for the differential policy. See, e.g., *Salaiscooper v. Dist. Ct.*, 117 Nev. 892, 34 P.3d 509 (2001). The record shows that the NJSI operation was designed to reduce prostitution—a valid motivation—and targeted buyers of prostitution and that it could have resulted in arrests of either men or women as buyers. Valentino has not made an adequate showing that the denial of his request for participation in a pretrial diversion program or that the prosecutor's decision to prosecute him was based on an impermissibly discriminatory reason. Furthermore, the rulings on motions about which Valentino

complains are encompassed by the foregoing analysis and were not erroneous. Neither the county court nor the district court erred when it found that Valentino had not been selectively prosecuted based upon his gender.

## CONCLUSION

A government's decision to deny pretrial diversion is a decision to prosecute, and we find no merit to Valentino's claim that he was selectively prosecuted for solicitation based on gender. The order of the district court, which affirmed the county court's rulings and Valentino's conviction for solicitation in the county court, is affirmed.

AFFIRMED.

HEAVICAN, C.J., not participating.