IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BROCKLEY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL A. BROCKLEY, APPELLANT.

Filed June 2, 2020.    No. A-19-909.

Appeal from the District Court for Hall County, MARK J. YOUNG, Judge, on appeal thereto from the County Court for Hall County, ARTHUR S. WETZEL, Judge. Judgment of District Court affirmed.

Jerrod P. Jaeger, Deputy Hall County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

MOORE, Chief Judge, and PIRTLE and ARTERBURN, Judges.

MOORE, Chief Judge.

INTRODUCTION

Michael A. Brockley appeals from an order of the Hall County District Court affirming his plea-based conviction of third degree domestic assault in the county court. On appeal, he asserts that the district court should have reversed the county court's denial of his motion to withdraw his plea of no contest to the charge. We affirm the judgment of the district court.

BACKGROUND

On October 9, 2018, the State filed a complaint charging Brockley with third degree domestic assault, under Neb. Rev. Stat. § 28-323(1) (Reissue 2016), a Class I misdemeanor. The following day, October 10, Brockley, representing himself, appeared before the county court via videoconference and entered a plea of no contest to the charge. The county court's order recites

that Brockley was advised of his constitutional rights as well as the nature of the charge and all possible penalties, including collateral consequences. The waiver of Brockley's right to counsel was found to be knowingly, voluntarily, and intelligently made, as was the entry of his plea, and the court accepted the plea and found Brockley guilty. Brockley was released on recognizance on the condition that there be no contact with the victim. Sentencing was continued until January 2019.

Before he was sentenced, Brockley, now represented by counsel, moved to withdraw his plea on January 22, 2019. He alleged that "the pressure and uncertainty of the moment led to his previous entry of plea. Defendant wishes to defend himself against the charges filed against him." He also alleged that the State would not be substantially prejudiced by its reliance on the plea entered.

At the February 4, 2019, hearing on the motion to withdraw his plea, Brockley testified that he had spent the night in jail before appearing before the county court judge via television on October 10, 2018, and that he was "so scared I didn't know what I was doing." Brockley stated that he had many medical problems and had undergone brain surgery several years ago, a procedure that resulted in short-term memory loss. However, when questioned as to whether his short-term memory loss extended to the events of October 9 and the proceedings held on October 10, Brockley responded that he knew what had happened "because I can remember a little bit and then I don't remember a lot . . . ."

The court denied Brockley's motion to withdraw his plea, finding that the fear expressed by Brockley was insufficient reason to permit the withdrawal of his plea. The court observed that every defendant that comes into the courtroom has some amount of fear and apprehension. In addition, the court found that it had received no medical testimony of any nature indicating that Brockley was incapable of comprehending his actions. Instead, the court believed that Brockley had merely had a change of heart. After listening to the colloquy between the court and Brockley that had taken place at the plea hearing, the court said that it believed that Brockley had tracked everything the court was saying. The court stated that it wholeheartedly disagreed that Brockley's plea was not voluntary and that, to the contrary, the plea was entered freely, voluntarily, knowingly and intelligently, with no threats, no coercion, and no promises. The colloquy from the plea hearing referred to by the court was not entered into evidence at the hearing on the motion to withdraw plea, nor did counsel for the State or for Brockley ask to hear the colloquy or for a transcription of it.

At this same hearing, the county court granted Brockley's request to remove the no-contact order. Subsequently indicating its concern that withdrawal of the plea could result in substantial prejudice to the State now that the no-contact order was removed, the court addressed defense counsel that "[y]ou and I both know what will happen next, it will be a recantation of this story of the events." Upon denying Brockley's motion to withdraw his plea, the court set sentencing for a later date.

Brockley filed a motion for new trial on February 15, 2019, asserting that new, exculpatory evidence had been discovered. The State moved to quash Brockley's motion for new trial. Brockley additionally filed a motion to reconsider the denial of his motion to withdraw his plea.

All of these motions were addressed at a March 13, 2019, hearing, at which time the transcript of the proceedings at the October 10, 2018, plea hearing was entered into evidence as well as an affidavit of the victim and a substance abuse evaluation of Brockley. The county court overruled the motion for new trial on the basis that there had not yet been a conviction. The court stated that "[c]onviction does not occur until a sentencing occurs. So the motion for new trial . . . is not proper."

The court reiterated its view of the colloquy between it and Brockley at the October 10, 2018, plea hearing, noting that Brockley entered his no contest plea after providing, as a factual basis, that he had thrown a remote control at the victim, striking her in the head, and that such factual basis was sufficient to justify the no contest plea. The court went on to voice its suspicion of Brockley's timing in filing his motion to withdraw the plea, noting that subsequent to his conviction, Brockley had appeared pro se before the court three times for sentencing only to have the hearing continued to a later time because he repeatedly failed to provide the required substance abuse evaluation. Only after the court had appointed counsel for Brockley did he move to withdraw his plea and to have his bond withdrawn along with its no-contact provision. The court believed that Brockley had decided to withdraw his plea only after discovering that his substance abuse evaluation resulted in a recommendation of in-patient treatment.

The court expressed concern that the victim's recantation contained in her affidavit occurred only after the no-contact order was lifted and Brockley returned to the couple's home. The court concluded that such was prejudicial to the State as it would have to essentially impeach its witness who has now recanted her statement. The court expounded on what it termed the "common scenario in domestic assault cases" in seeing a recantation by a domestic violence victim once a no-contact order is removed.

Finally, the court again rejected as invalid Brockley's reasoning that his plea should be withdrawn because he was scared when he appeared at the October 10, 2018, hearing. The court reiterated its view that every defendant is scared when entering a plea.

On March 13, 2019, the court denied Brockley's motion for new trial, overruled his motion to reconsider, and overruled the State's motion to quash the motion for new trial. Brockley was sentenced on April 12 to a term of probation, and appealed to the district court on that same day. His statement of errors asserted that the county court had abused its discretion in (1) overruling his motion to withdraw plea and his motion to reconsider, (2) finding that the State's case would be prejudiced because of the removal of the no-contact order, and (3) denying his motion for new trial on the basis that it was filed prior to sentencing. He also claimed the county court erred in exhibiting bias and prejudice in evaluating evidence.

On September 10, 2019, the district court affirmed the county court's orders. The district court agreed with the county court's assessment that any individual would be scared when being arraigned on criminal charges while in custody. The district court stated that to guard against 'buyer's remorse' the law requires proof of a reason more than a change of heart before a plea can be withdrawn. As to the hearing on the motion to withdraw the plea, the district court noted that Brockley had presented no medical evidence to support his contention that his short-term memory loss affected his actions in entering a plea, nor had Brockley presented evidence to the county

court, in the form of a transcript of the October 10, 2018, plea hearing, to show that he did not comprehend the nature of the plea hearing.

The district court agreed with Brockley that the county court committed error in listening to the audio recording of the October 10, 2018, hearing without giving counsel an opportunity to hear it or object to the court's actions in listening to it, nor of making it part of the record. However, the court found that these actions amounted to harmless error, noting that Brockley failed to show how he was prejudiced by the county court's sua sponte review of the plea proceedings, and further noted that Brockley himself had introduced into evidence a copy of the transcribed hearing from October 10, 2018. The court thus found that the county court did not abuse its discretion in denying Brockley's motion to withdraw plea.

After finding no abuse of discretion in the county court's denial of the motion to withdraw Brockley's plea, the district court found that the county court properly reaffirmed its ruling via its overruling or Brockley's motion to reconsider. The district court noted that the ruling would have been proper even without the admission of additional evidence, in the form of the transcription of the October 10, 2018, proceedings, the substance abuse evaluation, and the victim's affidavit, all of which were admitted without objection at the motion to reconsider.

The district court rejected Brockley's claim that the county court had demonstrated bias and prejudice through its comments expressing concern that the victim would recant her testimony following removal of the no-contact order. Finding that those comments were an assessment of the record and the credibility of the evidence based upon the judge's experience and common sense, the district court rejected Brockley's argument.

Finally, the district court noted that the county erred in overruling Brockley's motion for new trial on the basis that there had yet to be a conviction in the matter, accurately noting such a motion is appropriate in those circumstances. Brockley timely appealed the district court's order.

ASSIGNMENTS OF ERROR

Brockley claims, restated, that the district court erred by finding that (1) the county court correctly found that he had failed to present sufficient evidence to be allowed to withdraw his plea, (2) the county court correctly found that the State's case had been prejudiced because of the removal of a no-contact bond condition, and (3) the county court had not exhibited bias and prejudice in evaluating evidence and had not deprived Brockley of a fair hearing. Brockley also assigns additional error to the county court's denial of his motion for new trial, however, he does not separately argue this error in his brief. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Hartzell*, 304 Neb. 82, 933 N.W.2d 441 (2019).

STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Valentino*, 305 Neb. 96, 939 N.W.2d 345 (2020). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id.* When reviewing a judgment for errors appearing on the record, an

appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* But we independently review questions of law in appeals from the county court. *Id.*

ANALYSIS

In summary, Brockley asserts that the district court erred when it found no abuse of discretion by the county court in its denial of his motion to withdraw his plea of no contest. We disagree.

After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015). The right to withdraw a plea previously entered is not absolute, and, in the absence of an abuse of discretion on the part of the trial court, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal. *Id.* The burden is on the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. *Id.*

In the present case, the county court found that Brockley's own testimony as to his fear at the plea hearing and his assertion that he suffered from short-term memory loss were an insufficient basis on which to permit him to withdraw his plea. Brockley argues that the circumstances of his case are similar to those described in *State v. Schurman*, 17 Neb. App. 431, 762 N.W.2d 337 (2009), in which the defendant entered no contest pleas to the charges against him despite appearing at his arraignment without counsel and stating that he did not understand the complaint. At the hearing, the defendant made various comments indicating his confusion and inability to understand the proceedings. The trial court accepted the no contest pleas, but subsequently appointed counsel who later filed a motion to withdraw the defendant's pleas, which motion was denied. On appeal, this court reversed the denial of the motion to withdraw pleas, citing the defendant's "obvious confusion during the plea hearings, during which he was not represented by counsel." *Id*. at 435, 762 N.W.2d at 340. This court also observed that the State would not have been substantially prejudiced by allowing the defendant to withdraw his no contest pleas because there was no plea agreement in the case and the defendant entered his pleas on the same day the charges were filed.

In the present case, Brockley was also unrepresented by counsel and there was some indication that he had been intoxicated at the time of his arrest the night before his arraignment. Nonetheless, the district court agreed with the county court that Brockley had failed to meet his burden of proof. The court cited S*tate v. Nearhood*, 223 Neb. 768, 393 N.W.2d 530 (1986) as instructive, claiming that Brockley had not provided any psychological or psychiatric evidence of a profound mental health issue. Brockley contends that the district court's reliance on *Nearhood* was misplaced, and that the district court at least implied that evidence from a medical or psychological provider was now required. He also points to an affidavit of the victim stating that Brockley's brain surgery had resulted in poorer comprehension and decision-making abilities, and notes that the county court had made no reference to it nor to a substance abuse evaluation indicating that Brockley had suffered from psychological and emotional problems during his life.

In its thorough order, the district court did reference the substance abuse evaluation, noting that the professionals who administered Brockley's drug and alcohol evaluation had indicated that he answered their questions with thoughtful answers and no discrepancies of information had been provided by him. The district court also discussed the victim's affidavit which claimed that Brockley had poor comprehension and decisionmaking abilities. The court found, however, that the county court was free to assign limited weight to the statements in the victim's affidavit.

We conclude that a closer reading of the district court's order shows that it was reiterating the standard that a defendant seeking to withdraw his plea must show a fair and just reason for such withdrawal, and that Brockley simply failed to present any meaningful evidence that he was unable to comprehend the nature of the plea hearing. The district court did not err in its analysis.

Finally, to the extent that Brockley argues that the district court should have found that the county court abused its discretion in not finding that his waiver to his right to counsel was deficient, such argument was not made to the district court and will not be addressed in this court. When an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *State v. Heng*, 25 Neb. App. 317, 905 N.W.2d 279 (2017).

Brockley's second and third assigned errors combine to contend that the district court erred in failing to find that the county court should not have found that the State would be prejudiced if he was allowed to withdraw his plea. Brockley summarized his argument by stating that "[t]he county court improperly referred to the audio recording, prejudged the effect of the removal of the no contact bond condition, and then confirmed its bias at the Motion to Reconsider hearing." Brief for appellant at 18. Brockley challenges as improper the county court's presumption that the victim would recant her allegations against him once the no-contact order was rescinded. The district court noted that, at the hearing on the motion to reconsider, Brockley had offered the victim's affidavit stating that he had not intentionally hurt her. The county court had then made comments indicating that it had seen similar cases in which the removal of a no-contact order presages a recantation of the victim. The district court found that the county court's comments were not a display of bias and prejudice but merely that court's proper assessment, based on the trial judge's experience and common sense, of the quality and credibility of the evidence presented with regard to a motion. We note that a defendant has a heavy burden to overcome the presumption of judicial impartiality and show that the judge has a personal bias or prejudice concerning the defendant. See, e.g., *State v. Fuentes*, 302 Neb. 919, 926 N.W.2d 63 (2019). Brockley did not move to recuse the trial judge in the proceedings below. An issue raised for the first time in an appellate court will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. See *State v. Nadeem,* 284 Neb. 513, 822 N.W.2d 372 (2012). We find no error in the district court's ruling.

Brockley also argues that the county court should not have listened, sua sponte, to the audio recording of the plea hearing without counsel being able to also do so, and without making such recording a part of the record. The district court agreed that the county court had acted improperly but found that the error was harmless. The district court reasoned that any competent judge at a hearing on a motion to withdraw a plea would wish to review the transcript of the plea hearing, and that such transcript should have been offered by the defendant. In fact, Brockley himself

introduced the transcript of that audio at the hearing on his motion to reconsider. Thus, we agree that Brockley has failed to show how the playing of the audiotape resulted in prejudice to him. In addition, neither party objected at the time the court indicated its intention to listen to the arraignment proceedings. Having failed to object before the county court, Brockley has clearly waived this assigned error. As a general rule, an appellate court will not consider an argument or theory that is raised for the first time on appeal. *State v. Kruse*, 303 Neb. 799, 931 N.W.2d 148 (2019).

## CONCLUSION

Brockley did not demonstrate the existence of circumstances constituting a "fair and just reason" for the county court to permit his withdrawal of his plea of no contest. There was no abuse of discretion by the county court in refusing to allow him to withdraw his plea of no contest and in finding that the State would be substantially prejudiced if the plea were allowed to be withdrawn. Therefore, the judgment of the district court, affirming the judgment of the county court, is affirmed.

AFFIRMED.