COUNTY OF MERRICK, APPELLANT, V. HAROLD BECK, APPELLEE.

290 N. W. 2d 642

Filed April 1, 1980. No. 42684.

Steven M. Curry, Merrick County Attorney, for appellant.

William A. Francis and Cunningham, Blackburn, VonSeggern, Livingston, Francis & Riley, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is a statutory action under section 77-1509, R. R. S. 1943, for a $500 forfeiture for failure to respond to a subpoena duces tecum issued by the Merrick County Board of Equalization. The county court of Merrick County found the defendant had failed to comply with process and ordered the forfeiture of the statutory sum of $500. On appeal, the District Court for Merrick County, Nebraska, found that the defendant was not technically in violation of section 77-1509, R. R. S. 1943, reversed the judgment of the county court, and dismissed the action. The county has appealed.

On May 13, 1977, the defendant was served with a subpoena duces tecum issued by the Merrick County Board of Equalization pursuant to sections 77-1508 and 77-1509, R. R. S. 1943. The subpoena directed the defendant to appear before the board of equalization on May 24, 1977, and to bring with him and produce "all inventores [sic], book of accounts and Federal income tax returns for the years 1974, 1975 & 1976 for inspection."

The defendant appeared before the board of equalization on May 24, 1977. He was placed under oath and answered all questions put to him by the members of the board of equalization. No record was kept of the meeting, nor were any minutes prepared afterward, and the testimony in the county court is confusing as to what records were produced at the meeting of the board of equalization.

The defendant and his son testified that the defendant had taken the book of accounts and the income tax returns to the meeting and that the documents were returned to the defendant at the meeting. The chairman of the board and other members of the board of equalization could not recall what

specific documents were produced, if any, and did not recall returning any documents to the defendant. The record is reasonably clear, however, that what the board wanted was a complete list of the defendant's depreciable personal property, preferably an itemized depreciation schedule from his federal income tax returns. The defendant explained to the board that the depreciation schedule in his income tax return for 1976, which was under discussion, listed the personal property merely as groups 1, 2, 3, and 4 instead of listing specific items. He testified that his accountant kept the depreciation schedule of specific items and that the defendant himself did not understand the depreciation method used. He also testified that he had given the board everything he had and that he would have to consult with his accountant in Omaha before he would be able to tell the board anything more about it. The defendant then told the board that he would make the itemized listing of depreciable property available to the board, but subsequently declined to do so.

When the defendant advised the board of his refusal to carry out his agreement, the County of Merrick filed this action in the county court. The action was tried to the county court without a jury. The county court found the defendant had failed to comply with process and ordered the forfeiture of the statutory $500. The defendant appealed to the District Court and requested the District Court to take additional evidence. No additional evidence was received and the appeal was tried in the District Court de novo on the record. The District Court found that the defendant was not in technical violation of section 77-1509, R. R. S. 1943, reversed the judgment of the county court, and dismissed the action. The County of Merrick has appealed.

Section 77-1509, R. R. S. 1943, provides in part: "The county board of equalization may issue process to compel the attendance before it of any person

with books, records and papers, if necessary, which process shall be served by the sheriff the same as a summons from the district court, and he shall receive the same fees therefor. Any person who shall fail to respond to such process, or who shall refuse to answer any proper question put to him by the board, shall forfeit the sum of five hundred dollars, to be recovered in a civil action in the name of the county."

The county contends that the District Court failed to consider the fact that the county court observed the witnesses and their manner of testifying and that the judgment of the District Court is clearly against the weight of the evidence. The defendant contends that there is sufficient competent evidence in the record to support the judgment of the District Court.

The dispute in this case is essentially a factual one. There can be no doubt that the subpoena duces tecum did not specifically designate a depreciation schedule nor an itemized list of personal property. The evidence also establishes that the defendant appeared at the time and place specified and answered all questions that were put to him by the members of the board of equalization. It is unclear exactly what records he brought with him, but it is clear that the issue of whether he failed to respond to the subpoena is a factual issue.

Section 77-1509, R. R. S. 1943, is a statute imposing a forfeiture or penalty. Such statutes are subject to strict construction. Statutes imposing penalties will not be construed to include anything beyond their letter, even though it may be within their spirit. 36 Am. Jur. 2d, Forfeitures and Penalties, § 8, p. 615.

On appeal from the county or municipal court to the District Court in civil matters under section 24-541, R. R. S. 1943, it is the obligation of the District Court to reach an independent conclusion without reference to the decision of the county or municipal court. State v. Worrell, 198 Neb. 507, 253 N. W. 2d 843 (1977).

Where a civil case has been tried in the District Court on appeal from the county court de novo on the record pursuant to section 24-541, R. R. S. 1943, the Supreme Court on appeal examines the evidence and the record. The judgment of the District Court on the facts will not be set aside if there is sufficient competent evidence to support it. Fauss Constr., Inc. v. City of Hooper, 197 Neb. 398, 249 N. W. 2d 478 (1977). There is sufficient competent evidence in the present case to support the judgment of the District Court.

AFFIRMED.