Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/24/2022 08:06 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
MATTHEW ZIMMER, APPELLANT.
___ N.W.2d ___

Filed April 1, 2022.    No. S-21-352.

1. **Search and Seizure: Appeal and Error.** The denial of a motion for return of seized property is reviewed for an abuse of discretion.
2. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.
3. **Criminal Law: Search and Seizure: Property.** Property seized in enforcing a criminal law is said to be "in custodia legis," or in the custody of the court.
4. **Police Officers and Sheriffs: Search and Seizure: Property.** Property seized and held as evidence is to be safely kept by the officer seizing it unless otherwise directed by the court, and the officer is to exercise reasonable care and diligence for the safekeeping of the property.
5. **Trial: Search and Seizure: Evidence.** Seized property shall be kept so long as necessary for the purpose of being produced as evidence at trial.
6. **Search and Seizure: Property.** The proper procedure to obtain the return of seized property is to apply to the court for its return.
7. ____: ____. A motion for the return of seized property is properly denied only if the claimant is not entitled to lawful possession of the property, the property is contraband or subject to forfeiture, or the government has some other continuing interest in the property.
8. ____: ____. Upon the termination of criminal proceedings, seized property, other than contraband, should be returned to the rightful owner unless the government has a continuing interest in the property.
9. **Search and Seizure: Property: Proof.** Seizure of property from someone is prima facie evidence of that person's right to possession of the property, and unless another party presents evidence of superior title, the person from whom the property was taken need not present additional evidence of ownership.

10. ____: ____: ____. The burden is on the government to show that it has a legitimate reason to retain seized property.
11. **Search and Seizure: Property: Presumptions: Title.** The presumptive right to possession of seized property may be overcome when superior title in another is shown by a preponderance of the evidence.
12. **Criminal Law: Property.** Contraband per se comprises objects the possession of which, without more, constitutes a crime.
13. **Property.** Derivative contraband comprises objects which are not inherently illegal, but are used in an unlawful manner.

Appeal from the District Court for Lancaster County, Andrew R. Jacobsen, Judge, on appeal thereto from the County Court for Lancaster County, Joseph E. Dalton, Judge. Judgment of District Court reversed and remanded with directions.

Joe Nigro, Lancaster County Public Defender, and Mark Carraher for appellant.

No appearance for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

## INTRODUCTION

Law enforcement seized Matthew Zimmer's shotgun, incident to an arrest. Following his successful completion of probation, Zimmer moved the county court for Lancaster County, Nebraska, to return his seized firearm. The court denied the motion and ordered that the firearm be destroyed. Zimmer appealed to the district court, which affirmed. Zimmer further appeals and asserts that under Neb. Rev. Stat. § 29-820 (Reissue 2016), the trial court was required to return the seized firearm, because the firearm was not used in the commission of a crime. We agree that the lower courts erred, and as a result, we reverse the judgment of the district court and remand the matter to the district court with directions to reverse the judgment of the county court.

## BACKGROUND

In 2018, officers of the Lincoln Police Department were called to Zimmer's residence in Lincoln, Nebraska, regarding a disturbance between Zimmer and his ex-girlfriend. The officers resolved the situation and left the residence without making any arrests.

Minutes later, the officers were dispatched back to the area to investigate reports of gunshots. Although none of the reporting parties provided an address as to where the gunshots originated, they indicated that the shots came from the vicinity of Zimmer's residence. Officers knew, from the earlier disturbance, that Zimmer kept a shotgun in the residence and that Zimmer appeared to be intoxicated. Officers attempted to interview Zimmer, but he was uncooperative and hostile. After a standoff of significant length, Zimmer was taken into custody. While Zimmer was being placed under emergency protective custody at a mental health crisis center, his ex-girlfriend consented to a search of the residence where officers found a shotgun and ammunition. The officers also found one spent shell casing just inside the back door of the residence. Zimmer denied that he had fired a weapon. Upon his release from the crisis center, Zimmer was taken into custody for discharging a firearm in the city limits in violation of Lincoln Municipal Code § 9.36.010 (1990).

Zimmer was ultimately charged with, and pled guilty to, the offense of refusing to comply with an order of a police officer in violation of Lincoln Municipal Code § 9.08.050 (1990). At sentencing, Zimmer's counsel requested that the seized firearm be returned to either Zimmer or Zimmer's mother because the firearm was one of the only things Zimmer had inherited from his deceased father. After confirming that the firearm was not on Zimmer's person at the time of his arrest, the sentencing court advised that it was "going to hold that weapon until [Zimmer] successfully complete[d] [his] probation, at which time, then, [it would] reconsider — or [it would] consider releasing it to [Zimmer's] mother or some other civil person.

But [it was] not willing to release it at [that] time." The court's accompanying order stated, "Hold weapon until [Zimmer] successfully completes probation[;] not to be destroyed until any other order from court." Zimmer was sentenced to 6 months of probation.

Following his successful completion of probation, Zimmer filed a motion for return of his property and the court set the motion for hearing. Zimmer appeared pro se at the hearing. The State opposed the motion, arguing that police officers were dispatched to Zimmer's residence because of several reports of gunshots coming from the area of Zimmer's residence. The State also emphasized that during the interaction with officers, Zimmer made comments about retrieving a gun. The court overruled the motion and ordered the firearm to be destroyed.

The court subsequently reconsidered the matter and vacated its order. The court reset the matter for a hearing, where counsel appeared on Zimmer's behalf. Zimmer argued that he pled guilty to the offense of refusing to comply with an order of a police officer and that such offense does not encompass firearms. Zimmer argued that the city attorney chose not to file a charge for discharging a firearm in the city limits. Zimmer also argued that he has a constitutional right to own a firearm and that he holds the freedom to possess or purchase another gun.

At the hearing, the State offered two exhibits, consisting of a police report and a probable cause affidavit. Although both exhibits can be found in our appellate record, the trial court received only the probable cause affidavit into evidence. The State then proceeded to argue that the firearm was related to the offense because the firearm formed the basis for the police officer's orders to Zimmer.

The county court again denied Zimmer's motion and ordered that the firearm be destroyed. Zimmer appealed to the district court, which affirmed the denial of his motion to return property. Zimmer then appealed to the Nebraska Court of

Appeals, and we moved the matter to our docket.[1] We note that the State has not filed a brief before us.

## ASSIGNMENT OF ERROR

Zimmer's sole assignment of error is that the district court erred by affirming the county court's order denying his motion to return property.

## STANDARD OF REVIEW

[1,2] The denial of a motion for return of seized property is reviewed for an abuse of discretion.[2] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.[3]

## ANALYSIS

[3-5] Property seized in enforcing a criminal law is said to be "in custodia legis," or in the custody of the court.[4] Property seized and held as evidence is to be safely kept by the officer seizing it unless otherwise directed by the court, and the officer is to exercise reasonable care and diligence for the safekeeping of the property.[5] The property shall be kept so long as necessary for the purpose of being produced as evidence at trial.[6]

[6,7] The proper procedure to obtain the return of seized property is to apply to the court for its return.[7] A motion for the return of seized property is properly denied only if the claimant is not entitled to lawful possession of the property, the property is contraband or subject to forfeiture, or the government has some other continuing interest in the property.[8]

---

[1] Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2020).

[2] *State v. Ebert*, 303 Neb. 394, 929 N.W.2d 478 (2019).

[3] *In re Interest of Seth C.*, 307 Neb. 862, 951 N.W.2d 135 (2020).

[4] *State v. Agee*, 274 Neb. 445, 741 N.W.2d 161 (2007).

[5] *Id.* See, also, Neb. Rev. Stat. § 29-818 (Reissue 2016).

[6] *Id.*

[7] *Agee, supra* note 4.

[8] *Id*.

Relevant to the case at hand, two Nebraska statutes deal with the disposition of seized property, namely §§ 29-818 and 29-820. Under § 29-818, the court where the criminal charge has been filed and where seized property was or may be used as evidence has exclusive jurisdiction for disposition of the property and to determine rights therein, including questions respecting the title, possession, control, and disposition thereof. Under § 29-820, law enforcement is authorized to dispose of certain property seized or held and no longer required as evidence. Specifically, § 29-820(1)(e) states that "[f]irearms . . . which have been used in the commission of crime shall be destroyed" and § 29-820(1)(f) allows law enforcement to return firearms to owners that "(i) have not been used in the commission of crime, (ii) have not been defaced or altered in any manner that violates any state or federal law, (iii) may have a lawful use and be lawfully possessed, and (iv) [were not seized in a domestic assault]."

In *State v. McGuire*,[9] this court considered the interplay of §§ 29-818 and 29-820 and concluded that when reading the statutes together, § 29-820 applies only where the exclusive jurisdiction of a court under § 29-818 has not been invoked. We reiterated that "the court in which a criminal charge has been filed has exclusive jurisdiction to determine the rights to seized property, and the property's disposition."[10]

Zimmer's motion for return of the firearm did not indicate which statute he relies upon, and the county court's order overruling the motion is equally vague. The county court's comments at the hearing suggest that the motion was overruled because the firearm was used in the commission of a crime pursuant to § 29-820. The district court's order affirming the county court's order referenced § 29-820(1)(e) and (f) and discussed how property seized during a criminal matter is

---

[9] *State v. McGuire*, 301 Neb. 895, 921 N.W.2d 77 (2018).

[10] *Id.* at 903, 921 N.W.2d at 84.

handled. The court ultimately found that the county court did not err in finding that the firearm should be destroyed because it was used in the commission of a crime. Neither court order indicated what crime the firearm was used to commit.

It is clear that the firearm was seized incident to Zimmer's arrest for discharging a firearm in the city limits. Although arrested for discharging a firearm, a complaint was later filed in the county court charging Zimmer with refusal to obey a lawful order stemming from the same incident. Zimmer pled guilty to the charged crime and was sentenced to probation. As such, our holding in *McGuire*[11] dictates that § 29-818 was the appropriate statute for the lower courts to rely upon when considering Zimmer's motion for return of seized property.

[8-11] The general rule is well established that upon the termination of criminal proceedings, seized property, other than contraband, should be returned to the rightful owner unless the government has a continuing interest in the property.[12] Seizure of property from someone is prima facie evidence of that person's right to possession of the property, and unless another party presents evidence of superior title, the person from whom the property was taken need not present additional evidence of ownership.[13] The burden is on the government to show that it has a legitimate reason to retain the property.[14] The presumptive right to possession of seized property may be overcome when superior title in another is shown by a preponderance of the evidence.[15]

Here, the record is clear that the firearm was seized from Zimmer, and as such, he is presumed to be the lawful owner.[16]

---

[11] *McGuire, supra* note 9.

[12] *Agee, supra* note 4.

[13] *Id.*

[14] *Id.*

[15] *Ebert, supra* note 2.

[16] See *Agee, supra* note 4.

It is also clear that the criminal proceedings against Zimmer are completed, because he has been satisfactorily released from probation; therefore, the State would not need the property as evidence in the future.[17] Further, the State has not shown the need to retain the property for a tax lien, imposed fine, or restitution order.[18] Therefore, the State has shown no continuing interest in the property. Additionally, nothing in the record indicates that Zimmer is prohibited from possessing a firearm. As such, the only remaining basis for denying the motion for return of property is whether the property is subject to forfeiture or is contraband.

In general, property is subject to forfeiture only if there is a statute that provides this remedy.[19] Statutes imposing a forfeiture or penalty are subject to strict construction.[20] Although the Legislature has provided for forfeiture in discrete situations, see, Neb. Rev. Stat. §§ 28-1111 (Reissue 2016) (gambling devices); Neb. Rev. Stat. § 28-431 (Reissue 2016) (property used in violation of controlled substance laws); Neb. Rev. Stat. § 25-21,302 (Reissue 2016) (property used in violation of Child Pornography Prevention Act); Neb. Rev. Stat. § 53-1,111 (Reissue 2021) (alcoholic liquor manufactured, possessed, or kept for sale contrary to terms of Nebraska Liquor Control Act), there is no general authorization for the forfeiture of contraband. As such, Zimmer's firearm would not be statutorily subject to forfeiture.

In considering whether Zimmer's firearm is contraband, we note that neither party cites to, nor does this court find any, statutory definition of "contraband." As a result, as we often do, we turn to the dictionary to ascertain the word's plain and

---

[17] See *State v. Buttercase*, 296 Neb. 304, 893 N.W.2d 430 (2017).

[18] See *Agee, supra* note 4.

[19] *State v. Driscoll*, 184 Vt. 381, 964 A.2d 1172 (2008).

[20] *County of Merrick v. Beck*, 205 Neb. 829, 290 N.W.2d 642 (1980).

ordinary meaning.[21] Black's Law Dictionary defines "contraband" as "[g]oods that are unlawful to . . . possess."[22]

[12] Decisional law recognizes two kinds of contraband.[23] Traditional, or per se, contraband is defined as "objects the possession of which, without more, constitutes a crime."[24] It is well established that a claimant has no right "to have [per se contraband] returned to him."[25] Since the State has not shown that it is a crime for Zimmer to possess the seized firearm, the rule mandating forfeiture of per se contraband is inapplicable here.

[13] Courts have also recognized derivative contraband as the second kind of contraband.[26] "Derivative contraband are articles which are not inherently illegal, but are used in an unlawful manner."[27] The firearm seized from Zimmer would fall within this second category if in fact it was used in an "unlawful manner" as an instrumentality of crime.

Here, the evidence offered by the State indicates that officers went to Zimmer's residence after receiving reports of shots fired in that vicinity. The officers knew that Zimmer owned a shotgun that he kept inside his residence and later found the shotgun, along with ammunition and a spent shell casing, near the back door of the residence. However, according to the evidence, none of the reporting parties identified that the shots came from Zimmer's residence or that Zimmer was

---

[21] See, *Ash Grove Cement Co. v. Nebraska Dept. of Rev.*, 306 Neb. 947, 947 N.W.2d 731 (2020); *State v. Gilliam*, 292 Neb. 770, 874 N.W.2d 48 (2016).

[22] Black's Law Dictionary 402 (11th ed. 2019).

[23] *United States v. Farrell*, 606 F.2d 1341 (D.C. Cir. 1979).

[24] *Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 699, 85 S. Ct. 1246, 14 L. Ed. 2d 170 (1965).

[25] *United States v. Jeffers*, 342 U.S. 48, 54, 72 S. Ct. 93, 96 L. Ed. 59 (1951).

[26] See *Farrell, supra* note 23. See, also, *People v. Steskal*, 55 Ill. 2d 157, 302 N.E.2d 321 (1973).

[27] *Steskal, supra* note 26, 55 Ill. 2d at 159, 302 N.E.2d at 323.

the person who fired the shots. Additionally, the probable cause affidavit indicates that although multiple shots were fired, only one shell casing was found within Zimmer's residence. None of the officers testified that Zimmer's gun appeared to have been recently fired. Zimmer specifically denied firing the weapon. And although arrested for discharging a firearm within the city limits, the State chose not to prosecute Zimmer with that offense, and instead, it prosecuted him with the offense of refusing to comply with an order of a police officer.

In regard to the offense of refusing to comply with an order of a police officer, the evidence shows that Zimmer was uncooperative and hostile toward law enforcement. However, the evidence does not show that Zimmer possessed the firearm during his interaction with law enforcement. Further, our record is devoid of the factual basis offered to support Zimmer's guilty plea, so we are unable to ascertain what evidence the State relied upon to prosecute the charge.

The State has the burden to establish that the firearm was used by Zimmer in an unlawful manner as an instrumentality of crime. Based upon the appellate record, we conclude that the State failed to meet that burden. As such, the district court erred in affirming the county court's denial of Zimmer's motion for return of seized property.

## CONCLUSION

We conclude the State has failed to meet its burden to show that Zimmer's seized firearm is contraband or subject to forfeiture, or that the government has some other continuing interest in the property. Accordingly, we reverse the judgment of the district court and remand the matter to the district court with directions to reverse the judgment of the county court.

REVERSED AND REMANDED WITH DIRECTIONS.