Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/30/2022 09:06 AM CDT

State of Nebraska, appellee, v.
Morgan N. Riley, appellant.

___ N.W.2d ___

Filed August 23, 2022.    No. A-21-820.

1. **Criminal Law: Courts: Appeal and Error.** In an appeal of a criminal
   case from the county court, the district court acts as an intermediate
   court of appeals, and its review is limited to an examination of the
   record for error or abuse of discretion.
2. **Courts: Appeal and Error.** Both the district court and a higher appel-
   late court generally review appeals from the county court for error
   appearing on the record.
3. **Judgments: Appeal and Error.** When reviewing a judgment for errors
   appearing on the record, an appellate court's inquiry is whether the deci-
   sion conforms to the law, is supported by competent evidence, and is
   neither arbitrary, capricious, nor unreasonable.
4. **Appeal and Error.** An appellate court independently reviews questions
   of law in appeals from the county court.
5. **Criminal Law: Courts: Appeal and Error.** When deciding appeals
   from criminal convictions in county court, an appellate court applies
   the same standards of review that it applies to decide appeals from
   criminal convictions in district court.
6. **Search and Seizure: Appeal and Error.** The denial of a motion for
   return of seized property is reviewed for an abuse of discretion.
7. **Courts: Jurisdiction: Search and Seizure: Property.** The court in
   which a criminal charge was filed has exclusive jurisdiction to deter-
   mine the rights to seized property, and the property's disposition.
8. **Search and Seizure: Property.** While the government is permitted to
   seize evidence for use in investigation and trial, such property must be
   returned once criminal proceedings have concluded, unless it is contra-
   band or subject to forfeiture.
9. **____: ____.** A motion for the return of property is properly denied only
   if the claimant is not entitled to lawful possession of the property, the

property is contraband or subject to forfeiture, or the government has some other continuing interest in the property.

10. **Search and Seizure: Property: Proof.** Seizure of property from someone is prima facie evidence of that person's right to possession of the property, and unless another party presents evidence of superior title, the person from whom the property was taken need not present additional evidence of ownership.

11. ____: ____: ____. The burden is on the government to show that it has a legitimate reason to retain the property.

12. **Search and Seizure: Property: Presumptions: Title.** The presumptive right to possession of seized property may be overcome when superior title in another is shown by a preponderance of the evidence.

13. **Search and Seizure: Property: Statutes: Penalties and Forfeitures.** In general, property is subject to forfeiture only if there is a statute that provides this remedy.

14. **Statutes: Penalties and Forfeitures.** Statutes imposing a forfeiture or penalty are subject to strict construction.

15. **Search and Seizure: Property: Penalties and Forfeitures.** Although the Legislature has provided for forfeiture in discrete situations, there is no general authorization for the forfeiture of contraband.

16. **Search and Seizure: Words and Phrases.** Contraband is defined as goods that are unlawful to possess.

17. ____: ____. Traditional, or per se, contraband is defined as objects the possession of which, without more, constitutes a crime.

18. **Search and Seizure: Property.** A claimant has no right to have per se contraband returned to him or her.

19. **Search and Seizure: Words and Phrases.** Derivative contraband are articles which are not inherently illegal, but are used in an unlawful manner as an instrumentality of crime.

Appeal from the District Court for Cheyenne County, Derek C. Weimer, Judge, on appeal thereto from the County Court for Cheyenne County, Randin R. Roland, Judge. Judgment of District Court reversed and remanded with directions.

Donald J.B. Miller, Cheyenne County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent, for appellee.

Pirtle, Chief Judge, and Bishop and Welch, Judges.

Pirtle, Chief Judge.

## INTRODUCTION

Morgan N. Riley appeals the order of the district court for Cheyenne County affirming the county court's decision denying in part her motion for return of personal property that was seized at the time of her arrest. Based on the reasons that follow, we conclude that the county court and district court erred, and as a result, we reverse the judgment of the district court and remand the matter to the district court with directions to reverse the judgment of the county court.

## BACKGROUND

Riley was stopped by a Nebraska State Patrol trooper for speeding. A subsequent search of the vehicle revealed a firearm inside a backpack found within the passenger compartment of the vehicle. The backpack also contained a magazine for the firearm, a holster, five rounds of ammunition, and three knives with sheaths or scabbards for each one. These items were seized from Riley's vehicle.

Pursuant to a plea agreement, Riley pled no contest to attempt to carry a concealed weapon, a Class II misdemeanor, and operating a motor vehicle without a valid operator's license, a Class III misdemeanor. As part of the plea agreement, three other charges were dismissed and the State agreed to return noncontraband personal property to Riley. The court accepted her pleas and subsequently sentenced her to serve 2 days in jail with credit for 2 days previously served.

Riley filed a motion for return of personal property, pursuant to Neb. Rev. Stat. § 29-820 (Reissue 2016), requesting the return of her personal property seized at the time of her arrest. The same day Riley filed her motion, the State filed a motion to dispose of Riley's seized property, which stated that the items were no longer needed as evidence. The motion also stated that per the plea agreement, the State had agreed to not oppose the release and return of the firearm.

At the hearing on Riley's motion and the State's motion, Riley testified that she is the owner of the firearm, the magazine, the five rounds of ammunition, and the knives that were seized at the time of her arrest. She also testified that she is a resident of Oregon and that she was not aware she could not transport the firearm and the knives inside her backpack. She testified that she is not a convicted felon and is not prohibited from owning a firearm. Riley further stated that the firearm was not defaced nor was the serial number filed off. It was her understanding that the seized items were no longer needed as evidence.

Following the hearing, the county court found that Riley's firearm was used in the commission of a crime (attempt to carry a concealed weapon). It further stated that it had regularly interpreted § 29-820(1)(e) to require that any firearm and ammunition involved in a carrying concealed weapon case be destroyed. The county court, therefore, denied the motion for the return of the firearm and ammunition, but ordered that the knives be released to Riley.

Riley appealed to the district court, arguing that the county court erred in finding that the firearm "was used to violate the law and therefore not subject to being returned to the owner."

The district court affirmed the county court's decision, finding that although it interpreted the statute differently than the county court, it could not find that the county court's interpretation of § 29-820(1)(e) was clearly wrong or legally insufficient.

## ASSIGNMENTS OF ERROR

Riley assigns that the district court erred in (1) failing to find the county court erred by refusing to order the State to return the firearm, magazine, holster, and five rounds of ammunition to Riley; (2) failing to find the county court erred in finding the firearm was used to violate the law and, therefore, could not be returned to Riley; and (3) failing to

reverse the county court's decision and ordering the firearm be returned to Riley.

## STANDARD OF REVIEW

[1-5] In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Valentino*, 305 Neb. 96, 939 N.W.2d 345 (2020). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id.* When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* But an appellate court independently reviews questions of law in appeals from the county court. *Id.* When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in district court. *Id.*

[6] The denial of a motion for return of seized property is reviewed for an abuse of discretion. *State v. Zimmer*, 311 Neb. 294, 972 N.W.2d 57 (2022).

## ANALYSIS

Riley's three assignments of error can be consolidated into one: The district court erred by affirming the county court's order denying her motion to return the firearm, magazine, holster, and five rounds of ammunition seized at the time of her arrest. Riley argues that the county court erred in concluding the firearm was used in the commission of the crime and, therefore, should be destroyed. She contends that storing a firearm in a backpack while transporting it is not "use" of the firearm to commit a crime as intended in § 29-820(1)(e). The State agrees that Riley's firearm should be returned rather than destroyed, but contends that Neb. Rev. Stat. § 29-818

(Reissue 2016), rather than § 29-820, controls the outcome of this case.

Sections 29-818 and 29-820 both deal with the disposition of seized property. Under § 29-818, the court, where the criminal charge has been filed and where seized property was or may be used as evidence, has exclusive jurisdiction to dispose of the property and to determine rights therein, including questions respecting the title, possession, control, and disposition thereof. Under § 29-820, law enforcement is authorized to dispose of certain property seized or held and no longer required as evidence. Specifically, § 29-820(1)(e) states that "[f]irearms . . . which have been used in the commission of crime shall be destroyed" and § 29-820(1)(f) allows law enforcement to return to owners firearms that "(i) have not been used in the commission of crime, (ii) have not been defaced or altered in any manner that violates any state or federal law, (iii) may have a lawful use and be lawfully possessed, and (iv) [were not seized in a domestic assault]."

[7] In *State v. McGuire*, 301 Neb. 895, 921 N.W.2d 77 (2018), the Nebraska Supreme Court considered the interplay of §§ 29-818 and 29-820 and concluded that when reading the statutes together, § 29-820 applies only where the exclusive jurisdiction of a court under § 29-818 has not been invoked. The court reiterated that "the court in which a criminal charge was filed has exclusive jurisdiction to determine the rights to seized property, and the property's disposition." *State v. McGuire*, 301 Neb. at 903, 921 N.W.2d at 84.

Riley's motion for return of personal property relied on § 29-820, as did the county court's decision. The county court stated at the hearing on the motion that the motion was overruled because the firearm was used in the commission of a crime pursuant to § 29-820. The district court, in affirming the county court's order, found that although it disagreed with the county court's interpretation of § 29-820, it could not find that its conclusion was an abuse of discretion.

Riley's firearm was seized at the time of her arrest, and she subsequently pled no contest to attempting to carry a concealed weapon and operating a motor vehicle without a valid operator's license. Because a criminal charge was filed against Riley, the holding in *State v. McGuire, supra*, directs that § 29-818 was the statute the county court and district court should have utilized when considering Riley's motion for return of seized property. See, *State v. Zimmer*, 311 Neb. 294, 972 N.W.2d 57 (2022); *State v. Ebert*, 303 Neb. 394, 929 N.W.2d 478 (2019).

[8,9] While the government is permitted to seize evidence for use in investigation and trial, such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture. *State v. Ebert, supra*. Thus, a motion for the return of property is properly denied only if the claimant is not entitled to lawful possession of the property, the property is contraband or subject to forfeiture, or the government has some other continuing interest in the property. *Id.*

[10-12] Seizure of property from someone is prima facie evidence of that person's right to possession of the property, and unless another party presents evidence of superior title, the person from whom the property was taken need not present additional evidence of ownership. *State v. Zimmer, supra*. The burden is on the government to show that it has a legitimate reason to retain the property. *Id.* The presumptive right to possession of seized property may be overcome when superior title in another is shown by a preponderance of the evidence. *Id.*

Based on the foregoing, once the criminal proceedings against Riley concluded and the State no longer needed the seized property as evidence, Riley was presumptively entitled to the return of the property unless the State presented evidence justifying its refusal to do so.

The firearm at issue was seized from Riley at the time of her arrest. She testified at the hearing on her motion for return

of property that she was the owner of the firearm, magazine, holster, and ammunition. As such, she was presumed to be the lawful owner. The State did not present any evidence to overcome the presumption of Riley's ownership.

It is also clear that the criminal proceedings against Riley are completed, because she was sentenced to 2 days in jail with credit for 2 days previously served. Therefore, the State would not need the property as evidence in the future. Further, the State has not shown the need to retain the property for any other purpose, such as a tax lien, imposed fine, or restitution order. See *State v. Zimmer, supra.* And, the State's motion to dispose states that the items at issue were no longer needed as evidence. Therefore, the State has shown no continuing interest in the property.

Additionally, nothing in the record indicates that Riley is prohibited from possessing a firearm. She testified that she was not a convicted felon and was not prohibited from owning a firearm. There was no evidence to the contrary. As such, the only remaining basis for denying the motion for return of property would be if the property was subject to forfeiture or was contraband. See *id.*

[13-15] In general, property is subject to forfeiture only if there is a statute that provides this remedy. *State v. Zimmer, supra*. Statutes imposing a forfeiture or penalty are subject to strict construction. *Id.* Although the Legislature has provided for forfeiture in discrete situations, see, Neb. Rev. Stat. § 28-1111 (Reissue 2016) (gambling devices); Neb. Rev. Stat. § 28-431 (Reissue 2016) (property used in violation of controlled substance laws); Neb. Rev. Stat. § 25-21,302 (Reissue 2016) (property used in violation of Child Pornography Prevention Act); Neb. Rev. Stat. § 53-1,111 (Reissue 2021) (alcoholic liquor manufactured, possessed, or kept for sale contrary to terms of Nebraska Liquor Control Act), there is no general authorization for the forfeiture of contraband. *State v. Zimmer*, 311 Neb. 294, 972 N.W.2d 57 (2022). As such, Riley's firearm would not be statutorily subject to forfeiture.

[16-18] We next consider whether Riley's firearm is contraband. In *Zimmer*, the court relied on the Black's Law Dictionary definition of "contraband," which is "'[g]oods that are unlawful to . . . possess.'" *State v. Zimmer*, 311 Neb. at 302, 972 N.W.2d at 63. The court next noted that decisional law recognizes two kinds of contraband. *State v. Zimmer, supra.* Traditional, or per se, contraband is defined as "'objects the possession of which, without more, constitutes a crime.'" *Id.* at 302, 972 N.W.2d at 63, quoting *Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S. Ct. 1246, 14 L. Ed. 2d 170 (1965). It is well established that a claimant has no right "'to have [per se contraband] returned to him.'" *State v. Zimmer*, 311 Neb. at 302, 972 N.W.2d at 63, quoting *United States v. Jeffers*, 342 U.S. 48, 72 S. Ct. 93, 96 L. Ed. 59 (1951). Riley testified that she is not a convicted felon and she has not been prohibited from owning firearms due to any other prior conviction or protection order. The State did not present any evidence to show that it is a crime for Riley to possess the seized firearm. Accordingly, the rule mandating forfeiture of per se contraband does not apply.

[19] Courts have also recognized derivative contraband as the second kind of contraband. *State v. Zimmer, supra.* Derivative contraband are articles which are not inherently illegal, but are used in an unlawful manner as an instrumentality of crime. See *id.*

We agree with the State that the Nebraska Supreme Court's interpretation of the phrase "use of a weapon" to commit a felony under Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020) is instructive in determining whether Riley used the firearm in an unlawful manner. In *State v. Garza*, 256 Neb. 752, 592 N.W.2d 485 (1999), the court distinguished "use" from "possession" and held that to sustain a conviction for "use" of a weapon under § 28-105, the State must show that a defendant actively employed the weapon for the purpose of committing a felony.

In the present case, the firearm was located inside a backpack found in the passenger compartment of Riley's vehicle. It

was not on Riley's person and was not brandished or displayed by Riley before or after her arrest. It was only discovered by the State Patrol trooper during his search of the vehicle. We do not conclude that concealing or hiding a firearm is actively employing it, nor do we conclude that it amounts to using it in an unlawful manner as an instrumentality of crime.

The State had the burden to establish that the firearm was used by Riley in an unlawful manner as an instrumentality of crime. We conclude that the State failed to meet that burden. As such, the district court erred in affirming the county court's denial of Riley's motion for return of personal property.

## CONCLUSION

We conclude the State has failed to meet its burden to show that Riley's seized firearm is subject to forfeiture or is contraband or that the government had some other continuing interest in the property. Accordingly, we reverse the judgment of the district court and remand the cause to the district court with directions to reverse the judgment of the county court.

REVERSED AND REMANDED WITH DIRECTIONS.