IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HARRIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MARRICKIO D. HARRIS, APPELLANT.

Filed October 4, 2022.    No. A-21-677.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Marrickio D. Harris, pro se.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

MOORE, RIEDMANN, and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

Marrickio D. Harris appeals from the order of the district court for Lancaster County, denying his motion for return of seized property. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

Harris was arrested in July 2018 following a vehicle search by Lincoln police officers that recovered marijuana, cocaine, cocaine base, and drug paraphernalia. Harris was searched upon his arrest, and officers found $1,660 in cash and two cell phones on his person. Harris was charged with possession with intent to deliver 10 to 27 grams of cocaine, possession with intent to deliver cocaine base, and possession of money used in violation of Neb. Rev. Stat. § 28-416 (Cum. Supp. 2018). A jury found Harris guilty on all three charges. The district court subsequently determined Harris to be a habitual criminal and sentenced him to 15 to 20 years' imprisonment on each of the drug offenses and 10 to 12 years' imprisonment for the drug money offense, with all three

sentences to run concurrently. Harris filed a direct appeal, claiming various trial court errors and ineffective assistance of trial counsel. This court rejected Harris' claims and affirmed his convictions and sentences. *State v. Harris*, No. A-19-973, 2020 WL 6140524 (Neb. App. Oct. 20, 2020) (selected for posting to court website). Harris' subsequent petition for further review by the Nebraska Supreme Court and petition for writ of certiorari with the United States Supreme Court were both denied.

On May 24, 2021, Harris filed a motion for return of seized property in the district court. Harris asked the court, pursuant to Neb. Rev. Stat. § 29-818 (Reissue 2016), to direct the Lincoln Police Department to return the two cell phones, two cell phone cases, and $1,660 in cash seized shortly after his arrest in August 2018. In the motion, he asserted that the property was no longer needed as evidence by the State, that no government entities had any superior rights to the property, that no forfeiture proceedings had been held or initiated in connection with the property, and that the property was not subject to forfeiture.

A hearing was held before the district court on July 14, 2021. At the hearing, Harris asked the court to order, pursuant to § 29-818, the return of the property identified in his motion. At Harris' request, the court took judicial notice of "the files in this case number CR18-1350." The State conceded that the cell phones and cell phone cases should be returned to Harris. However, the State objected to the return of the $1,660, arguing that pursuant to Neb. Rev. Stat. § 29-820 (Reissue 2016), money "used or intended to be used to facilitate a violation of Chapter 28, article 4" was to be "forfeited and disposed of as required by Article VII, section 7, of the Constitution of Nebraska." In light of the court's "judicial notice of the court file," the State directed the court's attention to the amended information, charging Harris with possession of money used in violation of § 28-416 and noted that Harris had been found guilty of that charge. The State asked the court to deny the portion of Harris' motion relating to the $1,660 in cash. In response, Harris argued that the money should be returned because it was not drug money. In support of his argument, Harris offered two affidavits, one from himself and one from another individual, both of which stated that on the date in question, Harris sold the other individual a set of four racing wheels with tires for $1,500 in cash. Harris' affidavit also stated that the $1,660 in cash seized from him by law enforcement was income from the sale of those wheels with tires and his auto repair business. The State objected to the affidavits on the grounds of hearsay, and the court took the State's objection under advisement.

On July 22, 2021, the district court entered an order on Harris' motion for return of seized property, granting in part, and denying in part. The court overruled the State's objection to Harris' affidavit and received it into evidence, but it sustained the State's hearsay objection to the other individual's affidavit. The court granted Harris' request for the return of the cell phones and cell phone cases. However, it denied his request for the return of the $1,660 in cash, finding that since Harris was convicted of possession of money used in violation of § 28-416, the money was subject to forfeiture under § 29-820.

## ASSIGNMENTS OF ERROR

Harris asserts that the district court erred in (1) sustaining the State's objection to the admission of exhibit 100 and (2) denying his motion for return of seized property as to the $1,660 in currency.

## STANDARD OF REVIEW

The denial of a motion for return of seized property is reviewed for an abuse of discretion. *State v. Zimmer*, 311 Neb. 294, 972 N.W.2d 57 (2022). Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. *Id.*

## ANALYSIS

*Admission of Evidence.*

Harris asserts that the district court erred in sustaining the State's hearsay objection to the admission of exhibit 100, the affidavit of the other individual. Harris cites *Cullinane v. Beverly Enters.-Neb.*, 300 Neb. 210, 912 N.W.2d 774 (2018), for the proposition that an affidavit is admissible in certain enumerated situations, including motion practice, which includes the use of affidavits relating to preliminary, collateral, and interlocutory matters. However, statements in affidavits as to opinion, belief, or conclusions of law are of no effect. *Id.* See, also, Neb. Rev. Stat. § 25-1244 (Reissue 2016) (concerning use of affidavits). Any error by the court in excluding exhibit 100 in this case was harmless.

Motions for the return of seized property following conviction are civil in nature. See *State v. Ebert*, 303 Neb. 394, 929 N.W.2d 478 (2019) (presumptive right to possession of seized property may be overcome when superior title in another is shown by civil standard of preponderance of evidence). See, also, *DeLoge v. State*, 156 P.3d 1004 (Wyo. 2007) (postconviction motions for return of seized property are civil proceedings to which preponderance of evidence standard would apply). In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party. *Noah's Ark Processors, LLC v. UniFirst Corporation*, 310 Neb. 896, 970 N.W.2d 72 (2022). Erroneous exclusion of evidence does not require reversal if the evidence would have been cumulative and other relevant evidence, properly admitted, supports the trial court's finding. *Rodriguez v. Lasting Hope Recovery Ctr.*, 308 Neb. 538, 955 N.W.2d 707 (2021).

Both Harris and the other individual stated in their affidavits that on the date in question, the other individual purchased a set of wheels with tires from Harris for $1,500 in cash. The district court admitted Harris' affidavit. The statements in the other individual's affidavit were cumulative, and the exclusion of exhibit 100 does not require reversal. This assignment of error fails.

*Return of Seized Property.*

Harris asserts that the district court erred in denying his motion for return of seized property as to the $1,660 in cash. He argues that the evidence shows that the money seized was from the sale of a set of wheels with tires and, rather than being drug money, was income from the sale of the wheels with tires and his auto repair business. He argues further that the State did not present any evidence of superior title to the $1,660.

We note initially, as does the State in its brief, that in denying Harris' motion, the district court relied on § 29-820, which provides:

> (1) Unless other disposition is specifically provided by law, when property seized or held is no longer required as evidence, it shall be disposed of by the law enforcement agency on such showing as the law enforcement agency may deem adequate, as follows:

. . . .

(b) Money shall be restored to the owner unless it was used in unlawful gambling or lotteries or it was used or intended to be used to facilitate a violation of Chapter 28, article 4, in which case the money shall be forfeited and disposed of as required by Article VII, section 7, of the Constitution of Nebraska.

However, § 29-820 applies only where the exclusive jurisdiction of a court under § 29-818 has not been invoked. *State v. Ebert, supra*. The court in which a criminal charge was filed has exclusive jurisdiction to determine the rights to seized property, and the property's disposition. *Id.* Here, charges were filed against Harris in connection with the seized property, so the applicable statutory framework, as correctly referenced in Harris' motion for return of seized property, is § 29-818. The district court's denial of his motion, when analyzed under the framework of § 29-818, was correct. A correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result. *State v. Burries*, 310 Neb. 688, 969 N.W.2d 96 (2022).

Under § 29-818, property seized in enforcing a criminal law is said to be "in custodia legis," or in the custody of the court. See *State v. Zimmer*, 311 Neb. 294, 972 N.W.2d 57 (2022). Property seized and held as evidence is to be safely kept by the officer seizing it unless otherwise directed by the court, and the officer is to exercise reasonable care and diligence for the safekeeping of the property. *Id.* Seized property shall be kept so long as necessary for the purpose of being produced as evidence at trial. *Id.*

The proper procedure to obtain the return of seized property is to apply to the court for its return. *Id.* A motion for the return of seized property is properly denied only if the claimant is not entitled to lawful possession of the property, the property is contraband or subject to forfeiture, or the government has some other continuing interest in the property. *Id.*

Upon the termination of criminal proceedings, seized property, other than contraband, should be returned to the rightful owner unless the government has a continuing interest in the property. *Id.* Seizure of property from someone is prima facie evidence of that person's right to possession of the property, and unless another party presents evidence of superior title, the person from whom the property was taken need not present additional evidence of ownership. *Id.* The burden is on the government to show that it has a legitimate reason to retain seized property. *Id.* As explained by the Nebraska Supreme Court in *State v. Zimmer*, the presumptive right to possession of seized property may be overcome when superior title in another is shown by a preponderance of the evidence.

Harris argues that the district court erred in denying his motion because his affidavit shows that the money in his possession on the day he was arrested was from the sale of a set of wheels with tires. However, in addition to two counts of possession with intent to deliver controlled substances, Harris was convicted of one count of possession of money used in violation of § 28-416, based on the $1,660 seized from him at the time of his arrest. Harris' conviction for this crime was upheld on appeal and cannot be collaterally attacked. Under the law-of-the-case doctrine, the holdings of an appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication. *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020). A collateral attack occurs when the validity of a judgment

is attacked in a way other than in a proceeding in the original action. *State v. Erpelding*, 292 Neb. 351, 874 N.W.2d 265 (2015). Unless grounded upon the court's lack of jurisdiction over the parties or subject matter, collateral attacks are impermissible. *Id.* Contrary to Harris' assertions in his reply brief, his attempt to prove that the money seized from him in August 2018 was not money used in violation of § 28-416 is a collateral attack on his conviction.

Here, the issue is not a question of Harris' ownership of the money seized from him at the time of his arrest or whether the State showed a continuing interest in that property or presented evidence to overcome a presumption of ownership by Harris. Rather, the issue is whether the money was subject to forfeiture or was contraband. In general, property is subject to forfeiture only if there is a statute that provides this remedy. *State v. Riley*, 31 Neb. App. 292, ___ N.W.2d ___ (2022). Statutes imposing a forfeiture or penalty are subject to strict construction. *Id.* Although the Legislature has provided for forfeiture in discrete situations, there is no general authorization for the forfeiture of contraband. *Id.*

The district court relied on § 29-820(1)(b) to conclude that that because Harris was convicted of possession of money used in violation of § 28-416, the money seized from him was therefore forfeited. That section provides that "[u]nless other disposition is specifically provided by law," money used or intended to be used to facilitate violation of "Chapter 28, article 4" is to be "forfeited and disposed of as required by Article VII, section 7, of the Constitution of Nebraska." A specific procedure for the forfeiture of property used in violation of controlled substances laws is found in Neb. Rev. Stat. § 28-431(4) (Reissue 2016), which provides that when money used, or intended to be used, to facilitate a violation of the Uniform Controlled Substances Act is seized, "the person seizing the same shall cause to be filed, within ten days thereafter, in the district court of the county in which seizure was made, petition for disposition of such property." And, § 28-431(6) provides, among other things, that "[a]t least thirty but not more than ninety days after seizure, there shall be a hearing before the court."

While the money seized from Harris in this case was clearly subject to forfeiture, the State did not initiate a forfeiture action. However, we need not address the requirements of § 28-431 further in Harris' appeal from the district court's ruling on his motion for return of seized property. The money seized from Harris was also contraband. Contraband is defined as goods that are unlawful to possess. *State v. Riley, supra*. Traditional, or per se, contraband is defined as objects the possession of which, without more, constitutes a crime. *Id.* A claimant has no right to have per se contraband returned to him or her. *Id.* Derivative contraband are articles which are not inherently illegal, but are used in an unlawful manner as an instrumentality of crime. *Id.* In addition to being subject to forfeiture, the money seized from Harris was derivative contraband, and the district court did not err in denying Harris' motion for its return.

CONCLUSION

Any error by the district court in excluding exhibit 100 was harmless. The court did not abuse its discretion in denying Harris' motion for return of seized property.

AFFIRMED.